**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| ARENA IP, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 6:22-cv-885-DAE |
| ARUBA NETWORKS, LLC, | § § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § § § | |

**DEFENDANT ARUBA NETWORKS, LLC'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Aruba Networks, LLC ("Aruba") files this Motion to Dismiss Pursuant to

Federal Rule of Civil Procedure 12(b)(6) and respectfully shows the following.

**I.      INTRODUCTION**

Plaintiff Arena IP, LLC ("Arena") filed its Complaint on August 25, 2022 (Dkt. 1). Arena

accuses Aruba of directly and indirectly infringing U.S. Patent No. 8,320,820 ("the '820 Patent").

Arena's Complaint should be dismissed because even accepting the factual allegations as true,

Arena cannot prove that Aruba or anyone else directly infringes the asserted claim of the '820

Patent as a matter of law. This failure dooms Arena's claims for indirect infringement because

direct infringement by others is a necessary predicate to prove active inducement of infringement

and contributory infringement. Moreover, Arena cannot cure these defects by amending its

Complaint. Therefore, Aruba respectfully requests that the Court grant this motion and dismiss the

Complaint with prejudice.

## II.     FACTUAL BACKGROUND

Arena accuses Aruba of directly and indirectly infringing claim 15. Dkt. 1 at ¶¶ 10-11.

Claim 15, a system claim, is set forth below:

> 15. A system supporting the communications of video and data to hand held wireless devices located throughout a public venue, comprising
>
> [a] more than one self-contained pod including wireless communications electronics and an integrated antennae operating as a wireless access point and
>
> [b] deployed as a matrix of communications nodes throughout the public venue to provide enhanced wireless communications capacity throughout the sports and entertainment venue and
>
> [c] to support bi-directional communication of the hand held wireless communication device used by spectators located throughout the sports and entertainment venue and
>
> [d] provide data including video from at least one server accessed over a data network through said at least one contained in a self-contained pod by said hand held wireless devices located throughout the public venue.

*See* Dkt. 1-1.[1] Paragraphs 8-9 of the Complaint contain Arena's allegations of direct

infringement of claim 15.

Claim 15 requires that the "more than one self-contained pod including wireless

communications electronics and an integrated antennae operating as a wireless access point."

Dkt. 1-1. Claim 15 further requires "hand held wireless devices located throughout the public

venue." Dkt. 1-1.

## III.    LEGAL STANDARD

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to

dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). When considering a motion to

---

[1] Bracketed lettering added for ease of reference.

dismiss under Rule 12(b)(6), a court takes as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a Rule 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556. However, the plaintiff must plead facts sufficient to "state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Induced infringement claims must also state a plausible claim under *Twombly* and *Iqbal*. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012). Such allegations must include allegations of fact that, if true, would establish direct infringement of at least one claim of each patent for which indirect infringement is alleged. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[O]ur case law leaves no doubt that inducement liability may arise if, but only if [there is] … direct infringement." (internal quotation omitted)). The complaint must further allege facts showing "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

Contributory infringement claims likewise must satisfy the pleading requirements set forth in *Twombly* and *Iqbal*. *In re Bill of Lading*, 681 F.3d at 1336-37. "For contributory

infringement, the question is whether there is substantial evidence to support a finding under this theory. A party is liable for contributory infringement if that party sells, or offers to sell, a material or apparatus for use in practicing a patented process. That 'material or apparatus' must be a material part of the invention, have no substantial noninfringing uses, and be known (by the party) 'to be especially made or especially adapted for use in an infringement of such patent." *I4i Ltd. P'ship v. Aruba Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010).

## IV.    ARGUMENT

### A.    Arena's Claim of Direct Infringement Should Be Dismissed

Arena's Complaint does not and cannot plausibly allege that Aruba or any third party directly infringes the '820 Patent. Notwithstanding Arena's conclusory allegations that "Defendant maintains, operates, and administers systems that provide nodes to wirelessly communicate data," Arena fails to state a claim upon which relief can be granted as to direct infringement of the system of claim 15. *See* Dkt. 1 at ¶ 8. Arena contends that "Defendant put the inventions claimed by the '820 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments [*sic*] involving Defendant's products and services would never have been put into service." *Id.* Arena thus alleges that Aruba directly infringes by "using" the system of claim 15.

The Federal Circuit has held that "to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l Inc.,* 631 F.3d 1279, 1284 (Fed. Cir. 2011) (citing *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1317). Moreover, "direct infringement by 'use' of a system claim 'requires a party . . . to use each and every . . . element of a claimed [system].'" *Id.* Arena does not, and cannot, allege that Aruba "uses" the system of claim 15 under this binding precedent, for several reasons. First, Arena does not allege, as it

must, that Aruba uses each and every element of claim 15. Nothing in the evidence cited by the

Complaint shows that Aruba operates data communication systems within public venues; at

most, Aruba sells network equipment that could be used in such a venue. That is not direct

infringement of a system claim. Second, there is no factual support for Arena's allegation that

"Defendant maintains, operates, and administers systems that provide nodes to wirelessly

communicate data," even though that also does not constitute "use" of claim 15 as a as a matter

of law.

       As a preliminary matter, Arena fails to explain or allege how the limitation 15a,

"comprising more than one self-contained pod including wireless communications electronics

and an integrated antennae operating as a wireless access point…" is met because the Complaint

wholly omits any identification of the required "more than one self-contained pod."  *See* Dkt. 1

at ¶ 8, Dkt. 1-1 at 3.

| comprising more than one self-contained pod including wireless communications electronics and an integrated antennae operating as a wireless access point deployed as a matrix of communications nodes throughout the public venue to provide enhanced wireless communications capacity throughout the sports and entertainment venue and | For example, Aruba uses multiple Access Points(Aps) throughout the public venue, that transmit WIFI to handheld wireless devices. |
| --- | --- |

The wireless network is comprised of Aruba Wi-Fi 6 indoor access points, outdoor APs, and mobility gateways, along with Aruba access switches at the edge and CX Series switches for aggregation and in the data center. The stadium is definitely set up for future digital transformation use cases and deeper fan engagement.

*Id.* Arena cites the single excerpt above regarding an example of an Aruba wireless network in a

stadium as evidence for the limitation as a whole but provides no explanation how that evidence

demonstrates a "self-contained pod," let alone more than one. *Id*. The Complaint is therefore

devoid of allegations that would support an inference that this limitation is met.

Furthermore, Arena does not address the requirement of hand held wireless

communication devices in the preamble and limitation 15[c]: "to support bi-directional

communication of the hand held wireless communication device used by spectators located

throughout the sports and entertainment venue." Nowhere in the Complaint, including Exhibit A,

however, does Arena allege that Aruba supplies "hand held wireless devices." Indeed, Plaintiff

unwittingly highlights the flaw with its allegation when it states that "[f]or example, spectators

can order food from ***their handheld devices, supported with Arubas [sic] bi-directional***

***communication***." Dkt. 1-1 at 4. Thus, Aruba network equipment at most provides "bi-directional

communication" whereas users must supply the hand held wireless device of claim 15, the

epitome of divided infringement.



*Id*.

Claim 15 also requires that the accused system "provide data including video from at least one server accessed over a data network through said at least one contained in a self-contained pod by said hand held wireless devices located throughout the public venue." Dkt. 1-1 at 5. As with the limitation 15a, Arena never identifies the "at least one server" of limitation 15d. The single piece of evidence it points to is a screenshot of a YouTube video, shown below, devoid of any explanation of how that evidence demonstrates the "at least one server" and whether the server is supplied by Aruba. Indeed, Arena never explains how data is provided "from at least one server accessed over a data network *through said at least one contained in a self-contained pod* …" Dkt. 1-1 at 5.



*Id.*

Finally, the plain language of asserted claim 15 refers to two venues: a "public venue" and a "sports and entertainment venue." Arena's allegations, however, only reference a "public

venue." It is axiomatic that Courts will presume that different terms used in a patent have

different meanings, *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 93 F.3d 1572, 1579 (Fed.

Cir. 1996). Because Arena has made no attempt to identify let alone allege how the "sports and

entertainment venue" claimed feature, as distinguished from a "public venue" claimed feature, is

met, the Complaint fails to state a claim upon which relief can be granted.

Accordingly, the Court should dismiss Arena's claim of direct infringement by Aruba

with prejudice, as amendment would be futile.

> **B.     Arena's Claims of Induced and Contributory Infringement Should Be Dismissed**

Arena's claims of induced and contributory infringement should be dismissed because

Arena did not adequately plead an underlying act of direct infringement as the required predicate

for those claims. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed.

Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement,

can only arise in the presence of direct infringement . . . ."). Arena's allegation of induced

infringement in paragraph 10 of the Complaint consists of little more than a recitation of the

elements of active inducement. Arena cannot have it both ways with respect to direct

infringement. As discussed above, Aruba cannot directly infringe by "using" the system of claim

15. But, if Aruba directly infringes as alleged, not the entity that operates the "public venue,"

then Aruba cannot be liable for indirect infringement without direct infringement by another as a

predicate.

Similarly, Arena's allegations of contributory infringement in paragraph 11 contain little

more than conclusory allegations regarding the elements necessary to prove contributory

infringement. A complaint must contain "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007). When it comes to the required predicate of direct infringement, Arena

merely alleges that Aruba "encourage[es] its users to purchase and instruct[s] them to use

Defendant's Accused Products/Systems (e.g., wirelessly communicate data, including video

captured throughout a venue, to hand held devices throughout the venue via two or more nodes)

and related services." Dkt. 1 at ¶ 11. Despite referencing contributory infringement, this

allegation sounds like a restatement of induced infringement, with its emphasis on Aruba

"encouraging" and "instructing" its "users." In any event, such allegations are just legal

conclusions that should be disregarded in considering Plaintiff's claims of induced and

contributory infringement.

Accordingly, the Court should dismiss Arena's claims of induced and contributory

infringement by Aruba with prejudice as amendment would be futile.

## V.       CONCLUSION

For the foregoing reasons, Aruba respectfully requests that the Court dismiss Plaintiff's

claims for direct, induced and contributory infringement with prejudice.


Dated: November 15, 2022                    Respectfully submitted,


                                            /s/ *Barry K. Shelton*
                                            Barry K. Shelton
                                            Texas State Bar No. 24055029
                                            **WINSTON &STRAWN LLP**
                                            2121 North Pearl Street, Suite 900
                                            Dallas, TX 75201
                                            bshelton@winston.com
                                            (214) 453-6407 (Telephone)
                                            (214) 453-6400 (Facsimile)

                                            *Attorneys for Aruba Networks, LLC*


**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**                    **Page 9**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on November 15, 2022, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case via the Court's CM/ECF system per Local Rule CV-5.

/s/ *Barry K. Shelton*
Barry K. Shelton
